JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS – Anthony Javier

**DEFENDANTS** – Howard Johnson Hotel and Suites By Windham Allentown/Dorney, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotels & Resorts, Inc., Ekadashi, LLC, K.S.D.A. Hospitality, Inc., John Doe 1-3

**(b)** County of Residence of First Listed Plaintiff   New York, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lehigh, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert N. Braker, Esquire
Saltz, Mongeluzzi & Bendesky, P.C.
52nd Floor, 1650 Market Street, Philadelphia, PA  19103
(215) 496-8282

Attorneys *(If Known)*
Joseph B. Mayers, Esquire
The Mayers Firm, LLC
3031 Walton Road, Suite A330, Plymouth Meeting, PA  19462
(610) 825-0300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ' 3  Federal Question *(U.S. Government Not a Party)*
- XX' 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ' 1 | ' 1 | Incorporated *or* Principal Place of Business In This State | ' 4 | XX 4 |
| Citizen of Another State | XX 2 | ' 2 | Incorporated *and* Principal Place of Business In Another State | ' 5 | ' 5 |
| Citizen or Subject of a Foreign Country | ' 3 | ' 3 | Foreign Nation | ' 6 | ' 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- X 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ' 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ' 861 HIA (1395ff)
- ' 862 Black Lung (923)
- ' 863 DIWC/DIWW (405(g))
- ' 864 SSID Title XVI
- ' 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ' 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ' 1  Original Proceeding
- X 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Sections 1332, 1441 and 1446
Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Over $50,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   XX' Yes   'No

## VIII. RELATED CASE(S)
IF ANY   Not applicable. *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 08/18/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 630 W. 173 Street, New York, NY 10032

Address of Defendant: 3220 Hamilton Blvd., Allentown, PA 18103; 625 US-4, Parsippany, NJ 07054; 22 Sylvan Way, Parsippany, NJ 07054; 3609 Evening Star Terrace, Allentown, PA 18104

Place of Accident, Incident or Transaction: 3220 Hamilton Blvd., Allentown, PA 18103

*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

---

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒X

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐   No☒XX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐   No☒XX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes☐   No☒XX

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐   No☒X

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) slip and fall
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/18/2022   _____   40731

Joseph B. Mayers, Esquire, Attorney for Defendants
                        Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ANTHONY JAVIER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HOWARD JOHNSON HOTEL, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (XX

| | | |
|---|---|---|
| 8/18/2022 | | Joseph B. Mayers, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for** Defendants |
| (610) 825-0300 | (610) 825-6555 | jmayers@themayersfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY JAVIER | CIVIL ACTION |
| vs. | NO. |
| HOWARD JOHNSON HOTEL AND SUITES BY WYNDHAM ALLENTOWN/ DORNEY, HOWARD JOHNSON BY WYNDHAM, HOWARD JOHNSON INTERNATIONAL, INC., WYNDHAM HOTELS & RESORTS, INC., EKADASHI, LLC, K.S.D.A. HOSPITALITY, INC. and JOHN DOE 1-3 | |

TO:   **UNITED STATES DISTRICT COURT**
      **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**NOTICE OF REMOVAL**</u>

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotels & Resorts, Inc., Ekadashi, LLC and K.S.D.A. Hospitality, Inc., by and through their attorneys of record, Joseph B. Mayers, Esquire and The Mayers Firm, LLC, hereby timely removes the above-captioned matter from the Court of Common Pleas of Philadelphia County First Judicial District of Pennsylvania, the jurisdiction in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania and in support thereof further states as follows:

1.       On or about July 15, 2022, Plaintiff Anthony Javier filed a lawsuit in the Court of Common Pleas of Philadelphia County First Judicial District of Pennsylvania titled *Anthony Javier*

*vs. Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney, et al.,* July Term, 2022, No. 001247. See Plaintiff's Complaint, a true and correct copy of which is attached hereto as **"Exhibit A"**.

2.      At all times material hereto, Plaintiff was an individual and resident of the State of New York, residing at 630 W. 173rd Street, New York, NY 10032.   See Exhibit A.

3.      Plaintiff alleges in the Complaint that Defendant Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney was, and is, a business entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 3220 Hamilton Boulevard, Allentown, PA 18103.  Upon information and belief, Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney is not a legal entity.

4.      Plaintiff alleges in the Complaint that Defendant Howard Johnson by Wyndham was, and is, a business entity organized and existing under and by virtue of the laws of the State of New Jersey with its principal place of business located at 625 US-46, Parsippany, NJ 07054. Upon information and belief, Howard Johnson by Wyndham is not a legal entity.

5.      At all times material hereto, Defendant Howard Johnson International, Inc. was, and is, a business entity organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

6.      At all times material hereto, Defendant Wyndham Hotel & Resorts, Inc. was, and is, a business entity organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

7.      At all times material hereto, Defendant Ekadashi LLC was, and is, a business entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 3609 Evening Star Terrace, Allentown, PA 18104.

2

8.      At all times material hereto, Defendant K.S.D.A. Hospitality, Inc. was, and is, a business entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 3220 Hamilton Boulevard, Allentown, PA 18103.

9.      In sum and substance, Plaintiff alleges that on or about February 6, 2021, he was a business invitee walking in the parking lot of the premises located at 3220 Hamilton Boulevard, Allentown, PA when he was caused to slip and fall due to an accumulation of ice.  See Exhibit A at ¶ 20.

10.      Plaintiff alleges that as a result of the slip and fall he suffered serious and permanent injuries, including a left ankle fracture, syndesmosis disruption of the left leg, non-displaced left fibular shaft posterior malleolar fracture, he underwent internal fixation and open reduction surgery for the ankle fracture at New York Presbyterian Hospital, he has undergone injections and physical therapy and further alleges pain to his left leg, left ankle, left foot, left knee, left shoulder and head.  See Exhibit A at ¶ 22.

11.      Plaintiff's Complaint seeks damages as a result of the aforementioned accident.

12.      Notwithstanding the facts, as plead by Plaintiff himself, that the subject incident occurred in Lehigh County, Pennsylvania, and Defendants were and are business entities with principal places of business in Pennsylvania and New Jersey, Plaintiff improperly filed suit in the Court of Common Pleas of Philadelphia County.

13.      Moreover, there is a complete diversity of citizenship between the parties as Plaintiff is a resident citizen of the State of New York, Defendants Ekadashi LLC and K.S.D.A. Hospitality, Inc. are business entities organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with principal places of business in the Commonwealth of

Pennsylvania and Defendants Howard Johnson International, Inc. and Wyndham Hotel & Resorts, Inc. are business entities organized and existing under and by virtue of the laws of the State of Delaware with principal places of business in the State of New Jersey.  Further, Plaintiff alleges in the Complaint that Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney is a business entity with a principal place of business in Pennsylvania and alleges Howard Johnson by Wyndham is a business entity with a principal place of business in New Jersey.  Upon information and belief, Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney and Howard Johnson by Wyndham are not legal entities; regardless, complete diversity of citizenship exists between these alleged entities and Plaintiff.

14.     Therefore, on the face of the Complaint, this matter must be removed to this Court for the following reasons.[1]

## I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A).

15.     Defendants hereby incorporate by reference the preceding paragraphs as if set forth more fully at length herein.

16.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because this is a civil action between a citizen and corporations of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.

17.     Plaintiff was, and all times material hereto has been, a citizen and resident of the State of New York, residing at 630 W. 173rd Street, New York, NY 10032.  See Exhibit A.

---

[1] By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions available under state or federal law. Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens.*

4

18.     Defendants Ekadashi LLC and K.S.D.A. Hospitality, Inc. are business entities organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with principal places of business in the Commonwealth of Pennsylvania.

19.     Defendants Howard Johnson International, Inc. and Wyndham Hotel & Resorts, Inc. are business entities organized and existing under and by virtue of the laws of the State of Delaware with principal places of business in the State of New Jersey.

20.     Plaintiff alleges in the Complaint that Defendant Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney is a business entity with a principal place of business in Pennsylvania and alleges Defendant Howard Johnson by Wyndham is a business entity with a principal place of business in New Jersey.  Upon information and belief, Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney and Howard Johnson by Wyndham are not legal entities; regardless, complete diversity of citizenship exists between these alleged entities and Plaintiff.

21.     Therefore, between these named parties, there is complete diversity of citizenship. See 28 U.S.C. § 1332(a).

**B.     The Amount in Controversy Requirement Is Satisfied.**

22.     Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

23.     In his Complaint, Plaintiff specifically requests damages in excess of $50,000.00 together with any and all other damages to which he may be entitled under the laws of the Commonwealth of Pennsylvania.  See Exhibit A at ¶ 24.

24.     Plaintiff is claiming serious and permanent injuries as a result of the slip and fall, including but not necessarily limited to a left ankle fracture, syndesmosis disruption of the left leg, non-displaced left fibular shaft posterior malleolar fracture, he underwent internal fixation and open reduction surgery for the ankle fracture at New York Presbyterian Hospital, he has undergone injections and physical therapy and further alleges pain to his left leg, left ankle, left foot, left knee, left shoulder and head.  See Exhibit A at ¶ 22.

25.     Plaintiff's Complaint seeks damages in the form of loss of earnings and earning capacity and medical expenses including future medical expenses.  See Exhibit A at ¶¶ 22-23.

26.      On the face of the Complaint, and by a preponderance of the evidence, Plaintiff seeks in excess of $75,000.00.  *See Spectacor Mgmt. Grp. v. Brown,* 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."); *Angus v. Shiley Inc.,* 989 F.2d 142, 145 (3d Cir. 1993).

## II.     REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

27.     Defendants hereby incorporate by reference the preceding paragraphs as if set forth more fully at length herein.

28.     The slip and fall incident that is the subject of Plaintiff's Complaint occurred in Allentown, Lehigh County, Pennsylvania.

29.     Furthermore, Defendants Ekadashi LLC and K.S.D.A. Hospitality, Inc. are business entities organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with principal places of business in the Commonwealth of Pennsylvania and Defendants Howard Johnson International, Inc. and Wyndham Hotel & Resorts, Inc. are business

entities organized and existing under and by virtue of the laws of the State of Delaware with principal places of business in the State of New Jersey.

30.     Plaintiff alleges in the Complaint that Defendant Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney is a business entity with a principal place of business in Pennsylvania and alleges Defendant Howard Johnson by Wyndham is a business entity with a principal place of business in New Jersey.  Upon information and belief, Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney and Howard Johnson by Wyndham are not legal entities; regardless, complete diversity of citizenship exists between these alleged entities and Plaintiff.

31.     Therefore, if there were no diversity of citizenship in this case, venue for this action would be proper in Lehigh County.

32.     However, as diversity of citizenship exists, venue is proper in a Federal Court properly having jurisdiction over the action.

33.     The Courts of Common Pleas of Lehigh County and Philadelphia County, Pennsylvania, are located within the Eastern District of Pennsylvania, see 28 U.S.C. § 118(b), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending."

34.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Defendant related to this action is attached as "Exhibit A".

35.     Plaintiff filed her Complaint electronically on July 15, 2022 using the Philadelphia Courts Electronic Filing System.

36.     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

37.     Defendants will promptly file a copy of this Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotels & Resorts, Inc., Ekadashi, LLC and K.S.D.A. Hospitality, Inc. hereby give notice that the civil action docketed July Term 2022, No. 001247 in the Court of Common Pleas of Philadelphia County First Judicial District of Pennsylvania, Pennsylvania, is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

THE MAYERS FIRM, LLC

BY: _____
JOSEPH B. MAYERS, ESQUIRE
Attorney for Defendants, Howard
Johnson Hotel and Suites by Wyndham
Allentown/Dorney, Howard Johnson by
Wyndham, Howard Johnson International,
Inc., Wyndham Hotels & Resorts, Inc.,
Ekadashi, LLC and K.S.D.A. Hospitality, Inc.
I.D. No. 40731
3031 Walton Road, Suite A330
Plymouth Meeting, PA  19462
(610) 825-0300
Email:  jmayers@themayersfirm.com

Dated: August 18, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, JOSEPH B. MAYERS, ESQUIRE, Attorney for Defendants, hereby certify that a true and correct copy of the foregoing Notice of Removal has been served on the following electronically and/or by email, on the date listed below:

Robert N. Braker, Esquire
Saltz, Mongeluzzi & Bendesky, P.C.
52nd Floor
1650 Market Street
Philadelphia, P A 19103

THE MAYERS FIRM, LLC

BY: _____

JOSEPH B. MAYERS, ESQUIRE
Attorney for Defendants, Howard
Johnson Hotel and Suites by Wyndham
Allentown/Dorney, Howard Johnson by
Wyndham, Howard Johnson International,
Inc., Wyndham Hotels & Resorts, Inc.,
Ekadashi, LLC and K.S.D.A. Hospitality, Inc.
I.D. No. 40731
3031 Walton Road, Suite A330
Plymouth Meeting, PA 19462
(610) 825-0300
Email:  jmayers@themayersfirm.com

Dated:  August 18, 2022

# EXHIBIT A



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Wyndham Hotels & Resorts, Inc.                                           07/20/2022
Marcus Banks Senior Vice President
Wyndham Worldwide Corporation
22 Sylvan Way
Parsippany NJ 07054

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Item: 2022-464

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | Entity Served: | Wyndham Hotels & Resorts, Inc. |
|---|---|---|
| 2. | Title of Action: | Anthony Javier vs. Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney, et al. |
| 3. | Document(s) Served: | Civil Cover Sheet<br>Jury Trial Demanded<br>Complaint - Civil Action<br>Verification |
| 4. | Court/Agency: | Philadelphia County Common Pleas Court |
| 5. | State Served: | New Jersey |
| 6. | Case Number: | 220701247 |
| 7. | Case Type: | Negligence/Personal Injury |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Tuesday 07/19/2022 |
| 10. | Date to Client: | Wednesday 07/20/2022 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 20<br>Monday 08/08/2022 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Saltz Mongeluzzi & Bendesky P.C.<br>Philadelphia, PA<br>215-496-8282 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 311 |
| 16. | Notes: | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **JULY 2022** |
| E-Filing Number: 2207028131 |
| **001247** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANTHONY JAVIER | HOWARD JOHNSON HOTEL AND SUITES BY WYNDHAM ALLENTOWN/DORNEY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 630 W. 173RD STREET NEW YORK NY 10032 | 3220 HAMILTON BOULEVARD ALLENTOWN PA 18103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | HOWARD JOHNSON BY WYNDHAM |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 625 US-46 PARSIPPANY NJ 07054 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | HOWARD JOHNSON INTERNATIONAL, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 22 SYLVAN WAY PARSIPPANY NJ 07054 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 7 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal |
| | | ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Commerce | ☐ Settlement |
| ☒ More than $50,000.00 | ☒ Jury | ☐ Savings Action | ☐ Minor Court Appeal | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals | ☐ W/D/Survival |
| | ☐ Other: | | | |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED PRO PROTHY** | YES          NO |
| | JUL 15 2022 | |
| | **S. RICE** | |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANTHONY JAVIER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT N. BRAKER | 1650 MARKET STREET 52ND FLOOR PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)496-8282 | (215)496-0999 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 62583 | rbraker@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ROBERT BRAKER | Friday, July 15, 2022, 01:45 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. HOWARD JOHNSON HOTEL AND SUITES BY WYNDHAM ALLENTOWN/DORNEY
   3220 HAMILTON BOULEVARD
   ALLENTOWN PA 18103
2. HOWARD JOHNSON BY WYNDHAM
   625 US-46
   PARSIPPANY NJ 07054
3. HOWARD JOHNSON INTERNATIONAL, INC.
   22 SYLVAN WAY
   PARSIPPANY NJ 07054
4. WYNDHAM HOTELS & RESORTS, INC.
   22 SYLVAN WAY
   PARSIPPANY NJ 07054
5. EKADASHI, LLC
   3609 EVENING STAR TERRACE
   ALLENTOWN PA 18104
6. K.S.D.A. HOSPITALITY, INC.
   C/O MUKESH PATEL 3220 HAMILTON BOULEVARD
   ALLENTOWN PA 18103
7. JOHN DOE 1-3
   N/A
   N/A PA 00000

THIS IS NOT AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES HEARING IS
REQUIRED.

Filed and Attested by the
Office of Judicial Records
15 JUL 2022 01:25 pm

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY:   ROBERT N. BRAKER, ESQUIRE        ATTORNEYS FOR PLAINTIFF
IDENTIFICATION NO. 62583
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA  19103
(215) 496-8282

| | |
|---|---|
| ANTHONY JAVIER<br>630 W 173rd St.<br>New York, NY 10032 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| v. | JULY TERM, 2022<br>No. |
| HOWARD JOHNSON HOTEL AND SUITES BY<br>WYNDHAM ALLENTOWN/DORNEY<br>3220 Hamilton Blvd<br>Allentown, PA 18103 | |
| And | **JURY TRIAL DEMANDED** |
| HOWARD JOHNSON BY WYNDHAM<br>625 US-46<br>Parsippany, NJ 07054 | |
| And | |
| HOWARD JOHNSON INTERNATIONAL, INC.<br>22 Sylvan Way<br>Parsippany, NJ 07054 | |
| And | |
| WYNDHAM HOTELS & RESORTS, INC.<br>22 Sylvan Way<br>Parsippany, NJ 07054 | |
| And | |
| EKADASHI, LLC<br>3609 Evening Star Terrace<br>Allentown, PA 18104 | |
| And | |

Case ID: 220701247

K.S.D.A. HOSPITALITY, INC.
c/o Mukesh Patel
3220 Hamilton Blvd.
Allentown, PA 18103

    And

JOHN DOE (1-3)

## NOTICE

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-1701 | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| | ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICO DE REFERENCIA E INFORMACION LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Telefono: (215) 238-1701 |

## COMPLAINT – CIVIL ACTION

Plaintiff, Anthony Javier, claims Defendants, Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts Inc., Ekadashi, LLC, K.S.D.A. Hospitality, Inc. and John Does (1-3), jointly and severally, separate sums in excess of $50,000.00 in damages, upon causes of action whereof the following are true statements:

1.      Plaintiff, Anthony Javier, is an adult individual residing 630 W 173rd St, New York, NY 10032.

2.      Defendant, Howard Johnson Hotel and Suites by Wyndham Allentown/Dorney ("Howard Johnson") is a business entity duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, which at all times mentioned performed regular, systematic, and continuous business in Philadelphia County, Pennsylvania, with its principal place of business located at 3220 Hamilton Blvd, Allentown, PA 18103.

3.      Defendant, Howard Johnson by Wyndham is a business entity duly organized and existing under and by virtue of the laws of New Jersey, which at all times mentioned performed regular, systematic and continuous business in Philadelphia County, Pennsylvania, with its principal place of business located at 625 US-46, Parsippany, NJ 07054.

4.      Defendant, Howard Johnson International, Inc. is a business entity duly organized and existing under and by virtue of the laws of New Jersey, which at all times mentioned performed regular, systematic and continuous business in Philadelphia County, Pennsylvania, with its principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

5.      Defendant, Wyndham Hotel and Resorts, Inc. is a business entity duly organized and existing under and by virtue of the laws of New Jersey, which at all times mentioned performed regular,

systematic and continuous business in Philadelphia County, Pennsylvania, with its principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

6.      Defendant, Ekadashi LLC., is the controller and/or owner of the property, responsible for owning, controlling and/or overseeing the parking lot located on the property at 3220 Hamilton Blvd, Allentown, PA 18103 at the times referenced herein, which at all times mentioned performed regular, systematic and continuous business in Philadelphia County, Pennsylvania, with its principal place of business located at 3609 Evening Star Terrace, Allentown, PA 18104.

7.      Defendant, K.S.D.A. Hospitality, Inc. is a business entity duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, which at all times mentioned performed regular, systematic, and continuous business in Philadelphia County, Pennsylvania, with its principal place of business located at 3220 Hamilton Blvd, Allentown, PA 18103.

8.      A reasonable and diligent search was conducted to determine the actual names/identities of Defendants, John Doe (1-3).

9.      Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendants, John Doe (1-3), are currently unidentified, fictitious defendants added Doe designated to this action where their actual name/identity is unknown despite a reasonable and diligent search.

10.     Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, as defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

11.     At all relevant times, Defendants, John Doe (1-3), were acting by and through their employees, agents, workmen, and staff, all of whom were acting within the course and scope of their employment, for and on behalf of Defendants, John Doe (1-3).

12.     At all relevant times, Defendants, John Doe (1-3), carried on substantial business activities within Philadelphia County and the Commonwealth of Pennsylvania.

Case ID: 220701247

13.     Defendant, John Doe 1, is an unknown individual and/or entity, responsible for inspecting, and/or overseeing the parking lot located on the property at 3220 Hamilton Blvd, Allentown, PA 18103 at the times referenced herein who Plaintiff could not identify despite a reasonable search.

14.     Defendant, John Doe 2, is an unknown individual and/or entity, responsible for maintaining, and/or overseeing the parking lot which includes the removal of snow/ice located on the property at 3220 Hamilton Blvd, Allentown, PA 18103 at the times referenced herein who Plaintiff could not identify despite a reasonable search.

15.     Defendant, John Doe 3, is an unknown controller and/or owner and/or lessee of the property, responsible for owning, controlling, overseeing, inspecting and/or maintaining the parking lot located on the property at 3220 Hamilton Blvd, Allentown, PA 18103 at the times referenced herein who Plaintiff could not identify despite a reasonable search.

16.     At all times mentioned herein and material hereto, Defendants, Howard Johnson, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts, Inc., Ekadashi LLC., K.S.D.A. Hospitality Inc. and John Does (1-3), owned, managed, maintained, operated and/or controlled the parking lot located at 3220 Hamilton Blvd, Allentown, PA 18103.

17.     At all times mentioned herein and material hereto, Defendants, Howard Johnson, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts, Inc., Ekadashi LLC., K.S.D.A. Hospitality Inc. and John Does (1-3), maintained certain responsibilities and obligations for the aforesaid premises, including responsibilities for the safe maintenance and upkeep of the premises including but not limited to removing all dangerous accumulations of ice and snow on the premise and placing ice melt on the property located at 3220 Hamilton Blvd, Allentown, PA 18103.

18.     At all times mentioned herein and material hereto, Defendants, Howard Johnson, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts, Inc., Ekadashi LLC., K.S.D.A. Hospitality Inc. and John Does (1-3), maintained certain responsibilities and obligations for the aforesaid property including responsibilities for providing a safe parking lot without slip hazards including ice, overseeing the maintenance of the parking lot, being responsible for ensuring that ice did not form in the parking lot and that any ice in the parking lot was promptly removed.

19.     For a significant period of time prior to February 6, 2021, Defendants, Howard Johnson, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts, Inc., Ekadashi LLC., K.S.D.A. Hospitality Inc. and John Does (1-3), knew or should have known that there existed a dangerous and defective condition at the parking lot of the premises, namely an accumulation of ice in the parking lot, which upon information and belief, was exceedingly dangerous and slippery for a significant period of time prior to Plaintiff's accident.

20.     On February 6, 2021, Plaintiff, Anthony Javier, while a business invitee, walking in the parking lot of the aforementioned premises, was caused to slip and fall on the exceedingly dangerous, slippery accumulation of ice due to the carelessness and negligence Defendants, Howard Johnson, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts, Inc., Ekadashi LLC., K.S.D.A. Hospitality Inc. and John Does (1-3), by and through their separate and respective agents, employees, servants and/or workmen, acting within the course of their employment and scope of their authority.

**COUNT I**
**NEGLIGENCE**
**ANTHONY JAVIER v. ALL DEFENDANTS**

20.     Plaintiff, Anthony Javier, incorporates by reference all preceding paragraphs of this complaint, the same as if fully set forth hereinafter.

Case ID: 220701247

21.     Defendants, Howard Johnson, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts, Inc., Ekadashi, LLC, K.S.D.A. Hospitality Inc. and John Does (1-3), by and through their separate and respective agents, servants and/or workmen, acting within the course of their employment and scope of their authority, were careless and negligent in:

a.     Failing to provide Plaintiff with a safe place in which to walk;

b.     Failing to properly and adequately remove the accumulation of ice from the parking lot;

c.     Allowing the premises to be constructed and maintained in such a way as to allow the dangerous accumulation of ice;

d.     Failing to properly and adequately provide salt, ice melt, and/or non-slippery substances upon the parking lot to make the area safe for individuals, including, but not limited to Plaintiff;

e.     Failing to warn Plaintiff as to the existence of the dangerous accumulation of ice;

f.     Failing to cordon off the area where ice had formed;

g.     Failing to ensure the parking lot did not form ice;

h.     Causing ice to form in the parking lot;

i.     Failing to properly maintain and inspect the parking lot;

j.     Failing to inspect the property to detect conditions that were susceptible to hazardous ice;

k.     Allowing a dangerous accumulation of ice to accumulate in said parking lot for a significant period of time in which defendants knew or should have known of its existence and failing to rectify the same;

l.     Knowing of the existence of ice that would likely turn into a slip hazard on said parking lot and failing to rectify the same;

m.     Failing to learn of the dangerous accumulation of ice and resulting ice in said parking lot despite it having been situated thereupon for a significant period of time prior to plaintiff's accident and failing to rectify the same;

n.     Failing to provide warnings indicating the dangerous accumulation of ice in the area of Plaintiff's fall;

Case ID: 220701247

o.   Failing to properly use salt and/or other anti-ice chemicals to dissolve and/or remove the dangerous accumulation of ice;

p.   Failing to properly plow the area of a dangerous accumulation of ice;

q.   Failing to properly inspect the premises to ascertain the damage of said parking lot and rectifying same;

r.   Failing to use reasonable care under all the circumstances;

s.   Failing to establish reasonable policies, procedures and/or protocols pertaining to maintaining and remedying conditions resulting from inclement weather in the vicinity of the parking lot and the parking lot generally where Plaintiff fell at the subject premises;

t.   Failing to hire, employ and/or retain personnel sufficiently qualified to supervise, maintain and/or control the premises; and

u.   Failing to observe the statutes of the Commonwealth of Pennsylvania and/or local ordinances regarding inspection, maintenance and control of the said premises, as set forth in the Property Maintenance Codes.

22.   By reason of the carelessness and negligence of Defendants, Howard Johnson, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts, Inc., Ekadashi, LLC, K.S.D.A. Hospitality Inc. and John Does (1-3), by and through their separate and respective agents, employees, servants and/or workmen, as aforesaid, Plaintiff, Anthony Javier, was caused to sustain serious and permanent personal injuries: he sustained a left ankle fracture; he sustained syndesmosis disruption of the left leg; he sustained a nondisplaced left fibular shaft posterior malleolar fracture; he underwent internal fixation and open reduction fixation surgery to close the trimalleolar fracture of his left ankle on March 10, 2021 at New York Presbyterian Hospital; he has been required to undergo injections; he has suffered from severe pain and injury in his left ankle; he has suffered from severe pain and injury in his left leg; he has suffered from pain and injury in his left foot; he has suffered from severe pain and injury in his left knee; he has suffered from severe pain to his left shoulder; he has suffered from severe pain to his head; he has been required to undergo extensive physical therapy; he has sustained further injuries to the bones, muscles, nerves, tissues and

ligaments of his body, the full extent of which is yet to be determined; he sustained other injuries to his nerves and nervous systems; he sustained other orthopedic, neurologic and psychological injuries, the full extent of which is yet to be determined; he has in the past and may in the future be required to submit to x-rays, MRIs and other diagnostic studies; he has in the past and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past and may in the future continue to endure pain and suffering; he has in the past and may in the future continue to be disabled from performing his usual duties, occupations, avocations, all to his great detriment and loss; he has in the past and may in the future suffer a loss of wages; he has suffered a significant loss of life's pleasures; he has suffered from severe embarrassment and humiliation.

23.     By reason of the carelessness and negligence of Defendants, Howard Johnson, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts, Inc., Ekadashi, LLC, K.S.D.A. Hospitality Inc. and John Does (1-3), as aforesaid, Plaintiff, Anthony Javier, has incurred various expenses, including medical expenses and bills, plaintiff may be obligated to continue to expend monies and incur further obligations for his medical care and treatment, for an indefinite period of time in the future.

24.     Plaintiff, Anthony Javier, has sustained and makes claim for pain and suffering, loss of physical function, permanent physical injuries, humiliation and embarrassment, loss of life's pleasures, and any and all other damages to which he is entitled or may be entitled under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Anthony Javier, claims of Defendants, Howard Johnson, Howard Johnson by Wyndham, Howard Johnson International, Inc., Wyndham Hotel and Resorts, Inc., Ekadashi, LLC, K.S.D.A. Hospitality Inc. and John Does (1-3), jointly and severally, separate sums in excess of $50,000.00 in damages and brings this action to recover same.

SALTZ MONGELUZZI & BENDESKY P.C.

BY:   */s/ Robert N. Braker*
      ROBERT N. BRAKER, ESQUIRE

Case ID: 220701247

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.   This Verification is made subject to the penalties of the 18 Pa. C.S.  § 4904, relating to unsworn falsification to authorities.

Anthony Javier